# ST. LOUIS MERCHANTS' BRIDGE TERMINAL RAILWAY COMPANY

## v.

## J. L. WIGGINS.

*Railroads—Liabilities for Physician's Services to Injured Employes —Evidence—Instructions.*

1. A railroad company is not bound to pay the bill of a physician attending an injured employe at the instance of another employe, unless the latter was authorized to engage the physician, or such act was subsequently ratified by the company.

2. An instruction not based upon the evidence should be refused.

[Opinion filed June 26, 1893.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. JOHN H. OVERALL and WILLIAM P. LAUNTZ, for appellant.

Messrs. COCKRELL & MOYERS, for appellee.

MR. JUSTICE SAMPLE.    This suit was brought by appellee to recover for services, as a physician and surgeon, alleged to have been performed at appellant's request, for one of its men who was seriously injured.    The facts briefly are, that one Horine—whom it is supposed at some time at least was in appellant's employ, though there is no direct proof of it—was seriously injured on the 12th day of February, 1892, in some sort of a railroad accident, occurring as it is supposed—though the record does not definitely state just where—on the tracks of the National Stock Yards Company, near its National Stock Yards.

The appellee being in the employ of the Nelson Morris Dressed Beef Company, as its physician and surgeon, re-

ceived a message from its telephone that a man was injured, requiring his attention. Supposing that the injured man was one in the employ of the Nelson Morris Dressed Beef Company he promptly responded and proceeded to take care of the injured man. He found a man in charge of engines, and of the men about the place where Horine was, who gave orders in regard to having Horine removed to the hospital, at the request of the appellee. Who this man was, or in whose employ he was, is not disclosed by the evidence, but it is inferred from the location that he was in the employ of the National Stock Yards Company, as he was on the grounds and near their stock yards. This is inferred from the further fact that this place was distant some 4,000 feet from the nearest track of appellant, and from one and a half to two miles from its yards. It is also proven by appellant and not disputed that it had no man or men there who were authorized to act for it, the control there being entirely with the National Stock Yards Company.

On the next day after the injury—the 13th day of February—the appellee claims to have sent a letter to appellant, that one of its men was injured and under his care, and that he would continue to attend the case at appellant's expense, unless otherwise notified.

That letter, it is said, was addressed to Mr. Gay, the manager of appellant—sent in one of appellee's envelopes, with his name and address on the back thereof.

It is not stated whether or not it was sealed or stamped, or addressed to any street or number, or whether the letter was as a fact actually put in a post office box.

Horine died on the 16th day of February, from the injuries received.

On the 25th day of February, the appellee sent in his bill for services to the appellant. Not receiving any reply, in August, he sent his collector—a Mr. Deams—to see Mr. Gay, who, on demand being made for payment, denied all liability, and also declared the bill was extortionate, whereupon this suit was brought and judgment recovered for the sum of $175.

Gay testified that he did not receive the letter said to have been sent to him on the 13th day of February, and there is nothing in this record to contradict this statement.

There is no evidence to show that appellee was called to attend Horine by any servant or agent of appellant. If there had been such proof, then it would have been necessary, in order to create a liability against the appellant, to show further that either such agent was authorized to so employ the appellee, or that such unauthorized act was thereafter ratified. It has been so repeatedly decided by the Supreme Court of this State.

There is no evidence to show a ratification of the act by any one, whether such person so calling the appellee assumed to be appellant's agent or acting for the National Stock Yards Company. There is no proof of the receipt of the letter claimed to have been sent by appellee on the 13th day of February. Neither is there any sufficient preliminary proof in this record to have authorized proof of the contents of such letter, for the reasons heretofore stated. The instructions were erroneous. There is no evidence, as assumed in the first instruction, that appellee was called by the appellant or any agent of the appellant. If there had been such evidence this of itself would not have been sufficient to have authorized a recovery, without proof of the authority of such agent to so employ appellee or of ratification of the act, if unauthorized.

It is true the courts have held that under such circumstances, but slight acts of recognition on the part of the principal will be sufficient evidence of ratification, yet there must be some evidence and there is none in this case.

The sending in of the bill on the 25th of February, after the services were performed and Horine was dead, which was not responded to by appellant, is no evidence of ratification.

The second instruction is erroneous for the reason it assumes that there was evidence to show that appellee rendered the services at the request of appellant or of its agents, and in declaring the law to be, that if the services were

rendered at the request of an agent of appellant, without regard to the character of such agent's employment or the scope of the agency, that appellant would be liable.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*